Judge Underwood
delivered the Opinion of the Court.
ErROR has been inadvertently committed in this: the complainant, Greathouse, was entitled to a perpetuation of the injunction for thirty live dollars, with interest thereon from the date of the note, and the sheriff’s commission on that sum, and its interest included in the re-plevin bond. It seems that the court deducted the thirty five dollars from the amount of the replevin- bond, and dissolved the injunction, with damages, as to the resi- *106 idue, thereby improperly charging the complainant with interest and commission on the thirty five dollars, and damages on the amount of such interest and commission.
Security in an injunction bond (the injunction granted out of court) is to be approved by the clerk — and so much of the or-* der granting an injunction,as de signates the security to be taken, is a nullity —the injunction Is valid, altho’ the clerk take a different security from that designated in such order.
*Acts of Sess. 1826,127.
The complainant contends, that the decree against him for damages is altogether erroneous, because there was in fact no injunction of the judgment.
The record exhibits an order for an injunction, granted by two justices of the peace, “ upon the complainant entering into bond, with Ezekiel Forman his security, in the penalty of six hundred dollars, conditioned according to law.” Ezekiel Forman did not join with Great-house in executing the bond, but.Samuel Forman did j and the question is, whether the failure of Ezekiel to execute the bond, as contemplated by the order of the justices, is sufficient to shew that there was no injunction. We think it was not. By the act of the 24th of. January, 1827,* it is made the duty of clerks to approve and accept the security in injunction bonds. It appears that the clerk did approve and accept Samuel Forman, and administered to him the oath provided for in the second section of said act. So much of the order of the justices as makes the injunction depend on the execution of bond with Ezekiel Forman as surety, ought, therefore, to be regarded as surplusage and against law.
The bond executed with Samuel Forman as surety, is good, and should, together with other acts of the complainant, as manifested by the record, estop him to deny that there was a subsisting valid injunction.
■ For the error first noticed, the decree is re versed, with costs, and the cause remanded for a decree to be entered, not inconsistent herewith.